NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**STEVEN LONDON,**
*Claimant-Appellant*

v.

**DENIS MCDONOUGH, SECRETARY OF VETERANS AFFAIRS,**
*Respondent-Appellee*

---

2020-1915

---

Appeal from the United States Court of Appeals for Veterans Claims in No. 19-5784, Judge Michael P. Allen.

---

Decided:  March 15, 2021

---

STEVEN LONDON, Blagoevgrad, Bulgaria, pro se.

JIMMY MCBIRNEY, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent-appellee.  Also represented by JEFFREY B. CLARK, STEVEN J. GILLINGHAM, ROBERT E. KIRSCHMAN, JR.

---

Before DYK, LINN, and MOORE, *Circuit Judges*.

PER CURIAM.

Petitioner Steven L. London appeals an order of the United States Court of Appeals for Veterans Claims ("Veterans Court") denying his petition for a writ of mandamus. Because the Veterans Court did not conduct the necessary analysis of Mr. London's petition, we *remand*.

BACKGROUND

I

Mr. London first filed a disability claim with the Department of Veterans Affairs ("VA") on July 12, 2013. The Regional Office ("RO") issued its rating decision on March 17, 2014, in which it variously granted, deferred, and denied Mr. London's disability claims. On June 6, 2014, the RO granted some of the claims and denied other claims it had previously deferred. The Board of Veterans' Appeals ("Board") certified Mr. London's appeal on February 28, 2018. Mr. London's hearing before the Board was eventually held on December 2, 2019. On January 21, 2020, the Board granted service connection for fibromyalgia and remanded to the RO with respect to thirteen other disability claims; final decisions on these claims do not appear to have issued.

II

While awaiting his Board hearing, Mr. London filed a petition for mandamus with the Veterans Court on August 21, 2019, seeking "full adjudication" of his disability appeals within sixty days. J.A. 161. The Veterans Court denied his petition on December 18, 2019, finding that a writ of mandamus was not warranted because Mr. London had already had a hearing before the Board, which was working to adjudicate his claims. After Mr. London moved for reconsideration, the Veterans Court granted a panel decision to review the denial of his petition, and the panel upheld the denial. Mr. London appealed to this court.

## DISCUSSION

When evaluating a mandamus petition alleging unreasonable agency delay, we have held that the VA must specifically apply the six-factor standard articulated by the D.C. Circuit in *Telecommunications Research & Action Center v. FCC* (*TRAC*), 750 F.2d 70, 80 (D.C. Cir. 1984). *Mote v. Wilkie*, 976 F.3d 1337, 1343 (Fed. Cir. 2020) (citing *Martin v. O'Rourke*, 891 F.3d 1338, 1348 (Fed. Cir. 2018)). When the Veterans Court has failed to conduct the requisite *TRAC* analysis, we will remand for it to do so. *Id.* at 1346–47; *Martin*, 891 F.3d at 1349. This is true even when the petitioner has had a hearing on their requested relief before the Board, if the mandamus petition has requested relief going beyond requiring that a hearing be conducted. *See Mote*, 976 F.3d at 1339–41, 1346–47 (remanding for consideration under *TRAC* standard, even though petitioner had already had a Board hearing on her claims, because the Board's hearing and remand did not constitute a "decision," i.e., "a grant or denial of benefits").

Here, Mr. London's petition for mandamus alleged unreasonable delay and requested relief directed to "full adjudication" of his pending claims. J.A. 161. That request has not been mooted by the Board's remand. At the same time, the Veterans Court denied his petition without consideration or mention of the *TRAC* standard. The government agrees that remand is appropriate. We therefore remand for the Veterans Court to apply the *TRAC* standard.

**VACATED AND REMANDED**

## COSTS

Costs to Mr. London.